129 F.3d 128
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willie Lee JACKSON, Defendant-Appellant.
 No. 96-50633.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1997.**
Decided Nov. 10, 1997.
 
 Appeal from the United States District Court for the Central District of California William J. Rea, District Judge, Presiding
 Before GIBSON,*** KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jackson appeals his conviction for aiding and abetting the use of a firearm in the course of a crime of violence. 18 U.S.C. § 924(c). The district court, relying on Ninth Circuit Model Instruction 5.01, instructed the jury that to find Jackson guilty, it must find that he "knowingly and intentionally aided, counseled, or commanded [a co-defendant] to carry or use a firearm during and in relation to the bank robbery." Jackson argues this instruction erroneously permitted a guilty verdict without a finding that (1) he knew his co-defendants'had and intended to use or carry a firearm during and in relation to the robbery; (2) he intended to aid the use or carrying of a firearm; and (3) he facilitated or encouraged the use or carrying of a firearm. Any distinction between the district court's instructions and Jackson's suggestions is purely semantic. See United States v. Warren, 25 F.3d 890, 895 (9th Cir.1994) ("Defendants ... are not entitled to their preferred wording of the instruction.").
 
 
 3
 Jackson also argues that there was insufficient evidence to support a guilty verdict on this count. However, Jackson fails to realize that armed bank robbery--a crime of violence--continues during the period of hot pursuit as long as the aggravating circumstance, here, shooting a gun, continues. Cf. United States v. Dinkane, 17 F.3d 1192, 1197-98 & n. 4 (9th Cir.1994) (holding bank robberies extend through escape). Given testimony that Jackson drove the getaway car while his co-defendants fired at police through the car windows, and that Jackson drove his vehicle toward police officers to provide his friends a better shot, a reasonable fact-finder could conclude that Jackson aided and abetted the use of a firearm during a crime of violence.
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * The Honorable Floyd R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3